SMS/BJC/2020R01109

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. |
| v. | : | Criminal No. 20-1038 (SDW) |
| RICHARD L. WILLIAMS | : | 18 U.S.C. § 371 |

## INFORMATION

The defendant having waived in open court prosecution by Indictment, the Attorney for the United States, acting under authority conferred by 28 U.S.C. § 515, charges:

### (Conspiracy to Transmit an Interstate Communication with Intent to Extort)

1. Unless otherwise indicated, at all times relevant to this Information:

### The Defendant and Other Individuals and Entities

a. Defendant RICHARD L. WILLIAMS ("defendant WILLIAMS") was an attorney licensed to practice law in Florida.

b. Bank-1 was a commercial bank headquartered in California.

c. Client-1, a co-conspirator not charged in this Information, was a client of defendant WILLIAMS who resided in Florida and who had multiple business accounts with Bank-1.

### Overview of the Scheme

d. Beginning in or about May 2020, defendant WILLIAMS and Client-1 conspired to extort Bank-1 of millions of dollars. In furtherance of the

conspiracy, defendant WILLIAMS repeatedly threatened Bank-1 that if it did not pay Client-1 approximately $7.5 million, Client-1 would publicly disclose damaging information about Bank-1. Specifically, Client-1 would publicly reveal that Client-1 had accessed and obtained certain confidential data from Bank-1 that did not belong to Client-1 and that Client-1 was not authorized to retain (the "Confidential Bank Data").

## The Conspiracy

2. From in or about May 2020 through in or about August 2020, in the District of New Jersey, and elsewhere, defendant

### RICHARD L. WILLIAMS

did knowingly and intentionally conspire and agree with Client-1 to commit an offense against the United States, that is, transmission of an interstate communication with intent to extort, contrary to Title 18, United States Code, Section 875(d).

## Goal of the Conspiracy

3. The goal of the conspiracy was for defendant WILLIAMS and Client-1, to unlawfully enrich themselves by extorting approximately $7.5 million from Bank-1 in exchange for not publicizing damaging information related to Bank-1.

## Manner and Means of the Conspiracy

4. The manner and means by which defendant WILLIAMS and Client-1 sought to accomplish the goal of the conspiracy included, among other things, the following:

   a. On or about May 8, 2020, Client-1 captured digital images and took videos from Bank-1's website of the Confidential Bank Data that Client-1 was not authorized to retain.

   b. On or about May 9, 2020, defendant WILLIAMS and Client-1 agreed that defendant WILLIAMS would send communications to Bank-1 with the goal of obtaining a substantial payment from Bank-1 in exchange for not publicly revealing that Client-1 had accessed and obtained the Confidential Bank Data. Defendant WILLIAMS and Client-1 agreed that they would divide between themselves the proceeds of their extortion scheme.

   c. Through a series of communications, defendant WILLIAMS, on behalf of himself and Client-1, repeatedly threatened Bank-1 that if the bank did not pay Client-1 approximately $7.5 million, Client-1 would take actions that would damage the reputation or property of Bank-1.

## Overt Acts

5. In furtherance of the conspiracy, and in order to effect the goal thereof, defendant WILLIAMS and others committed or caused the commission of the following overt acts in the District of New Jersey and elsewhere:

  a. On or about May 12, 2020, defendant WILLIAMS sent an email to the general counsel of Bank-1 informing the general counsel that unnamed and purported "clients" had accessed the Confidential Bank Data. Defendant WILLIAMS further explained that it "surely would be a nightmare for Bank-1" if his clients publicized the fact that they obtained the Confidential Bank Data. In addition, defendant WILLIAMS implied that his clients sought to be compensated in exchange for refraining from publicly disclosing their capture and possession of the Confidential Bank Data. In reality, however, Defendant WILLIAMS only had a single client—Client-1—who had obtained the Confidential Bank Data without Bank-1's authorization.

  b. On or about June 15, 2020, the chief executive officer of Bank-1 received a letter from defendant WILLIAMS dated June 11, 2020 (the "June 11 Letter"). In the June 11 Letter, defendant WILLIAMS explained that Client-1 had made a complete copy of the Confidential Bank Data, which ran "thousands of pages." Defendant WILLIAMS concluded by stating that, "once [his] client's rights are accommodated, [Bank-1] shall have full cooperation[.]"

  c. On or about June 18, 2020, defendant WILLIAMS sent an email to an attorney for Bank-1 that attached a proposed agreement (the "Proposed Agreement") that Bank-1 had not requested. The Proposed Agreement—entitled a "Settlement, Assistance, and Confidentiality Agreement"—provided for Bank-1 to

pay Client-1 approximately $7.5 million as a "settlement, assistance and confidentiality fee" within 48 hours of the execution of the Proposed Agreement.

   d. Among other things, the $7.5 million payment was purportedly in exchange for Client-1: (1) serving for one week as an "advisor" to Bank-1, a service that Bank-1 had not requested; (2) agreeing not to publicize (a) the Confidential Bank Data and (b) that Client-1 had accessed and obtained the Confidential Bank Data; and (3) releasing potential claims that Client-1 may have had against Bank-1. In reality, however, the Proposed Agreement was designed to conceal that defendant WILLIAMS and Client-1 were extorting Bank-1 for a substantial payment in exchange for not publicizing information that could damage Bank-1. In his email transmitting the Proposed Agreement to Bank-1, defendant WILLIAMS explained that Bank-1 could avoid public disclosure if it acquiesced to Client-1's demand for $7.5 million.

   e. From in or about July 2020 through in or about August 2020, defendant WILLIAMS engaged in a series of telephone conversations with an undercover law enforcement agent ("UC-1"). Defendant WILLIAMS believed that UC-1 was a representative of Bank-1 located in New Jersey who was acting on its behalf to resolve the demand for $7.5 million and who had authority to transfer funds to defendant WILLIAMS.

   f. During a telephone call with UC-1 on or about July 24, 2020 (the "July 24 Call"), defendant WILLIAMS warned UC-1, in substance and in part, that if Bank-1 did not pay his client $7.5 million: (1) it should "fear" that Client-1 might

5

reveal to various third parties that Client-1 had accessed and obtained the Confidential Bank Data or issue a press release disclosing that information; and (2) the resulting publication of the Confidential Bank Data could have violent consequences for Bank-1.

All in violation of Title 18, United States Code, Section 371.

## FORFEITURE ALLEGATION

6.  Upon conviction of the offense of conspiracy to transmit an interstate communication with intent to extort, contrary to 18 U.S.C. § 875(d), in violation of 18 U.S.C. § 371, as charged in this Information, defendant WILLIAMS shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all property, real and personal, the defendant obtained that constitutes or is derived from proceeds traceable to the commission of such offense, and all property traceable to such property.

### Substitute Assets Provision

7.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third person;

    (c)    has been placed beyond the jurisdiction of the Court;

    (d)    has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of defendant WILLIAMS up to the value of the forfeitable property described above.

*/s/ Rachael A. Honig*
RACHAEL A. HONIG
Attorney for the United States,
Acting Under Authority Conferred
By 28 U.S.C. § 515

| CASE NUMBER: 20- | United States District Court<br>District of New Jersey | UNITED STATES OF AMERICA<br><br>v.<br><br>RICHARD L. WILLIAMS | INFORMATION FOR<br><br>18 U.S.C. § 371 | RACHAEL A. HONIG<br>*ATTORNEY FOR THE UNITED STATES*<br>*ACTING UNDER AUTHORITY CONFERRED*<br>*BY 28 U.S.C. § 515*<br>*NEWARK, NEW JERSEY* | Sean M. Sherman<br>Bernard J. Cooney<br>J. Stephen Ferketic<br>*ASSISTANT U.S. ATTORNEYS*<br>*973-645-2733* |
|---|---|---|---|---|---|