

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

---

*Sean M. Sherman*  *970 Broad Street, Suite 700*   Direct Dial: (973) 645-2733
*Assistant United States Attorney*  *Newark, New Jersey 07102*

SMS/BJC/PLEA.AGR
2017R000221

September 24, 2020

Wanda M. Akin, Esq.
Wanda M. Akin M. & Associates
One Gateway Center, Suite 2600      Crim. No. 20-1038 (SDW)
Newark, New Jersey 07102

Re: <u>Plea Agreement with Richard L. Williams</u>

Dear Ms. Akin:

This letter sets forth the plea agreement between your client, Richard L. Williams ("WILLIAMS"), and the United States Attorney for the District of New Jersey ("this Office"). The Office's offer to enter into this plea agreement will expire on October 1, 2020, if a signed copy is not received by this Office on or before that date.

<u>Charges</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from WILLIAMS to an Information which charges him with conspiring to, with the intent to extort any money or other thing of value, transmit in interstate commerce a communication containing a threat to injure the property or reputation of another, contrary to 18 U.S.C. § 875(d), in violation of 18 U.S.C. § 371. If WILLIAMS enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against WILLIAMS for, from in or about May 2020 through in or about August 2020, conspiring to engage in interstate communications with intent to extort money or other things of value from a bank located in California.

However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, WILLIAMS agrees that any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by WILLIAMS may be commenced against him, notwithstanding the expiration of the limitations period after WILLIAMS signs the agreement.

Sentencing

The violation of 18 U.S.C. § 371 charged in the Information to which WILLIAMS agrees to plead guilty carries a statutory maximum prison sentence of five years and a statutory maximum fine which is the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon WILLIAMS is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence WILLIAMS ultimately will receive.

Further, in addition to imposing any other penalty on WILLIAMS, the sentencing judge: (1) will order WILLIAMS to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order WILLIAMS to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*; (3) may order forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C); (4) may order WILLIAMS, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; and (5) pursuant to 18 U.S.C. § 3583, may require WILLIAMS to serve a term of supervised release of not more than three years, which will begin at the expiration of any term of imprisonment imposed.  Should WILLIAMS be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, WILLIAMS may be sentenced to not more than two years' imprisonment, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on WILLIAMS by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or

otherwise.  In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of WILLIAMS's activities and relevant conduct with respect to this case.

Stipulations

This Office and WILLIAMS agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement.  This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties.  To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or WILLIAMS from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so.  These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and WILLIAMS waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture

WILLIAMS agrees that as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 981(a)(1)(C), WILLIAMS agrees to forfeit to the United States, any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the offenses charged in the Information and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of such offenses.

WILLIAMS further consents to the entry of a forfeiture money judgment in the amount representing the proceeds of the offense charged in the Information and the property used or intended to be used in any manner or part to commit and to facilitate the commission of such offenses, pursuant to 21 U.S.C. § 853 (the "Money Judgment"). Payment of the Forfeiture Money Judgment shall be made by certified or bank check payable to the United States Marshals Service with the criminal docket number noted on the face of the check. WILLIAMS shall cause said check to be delivered to the Asset Forfeiture and Money Laundering Unit, United States Attorney's Office, District of New Jersey, 970 Broad Street, Newark, New Jersey 07102.

WILLIAMS waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, WILLIAMS consents to the entry of a Consent Judgment of Forfeiture that will be final as to WILLIAMS's sentencing. WILLIAMS understands that criminal forfeiture pursuant to 21 U.S.C. § 853 is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. It is further understood that any forfeiture of WILLIAMS's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. WILLIAMS hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

<u>Immigration Consequences</u>

WILLIAMS understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. WILLIAMS understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. WILLIAMS wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. WILLIAMS understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, WILLIAMS waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

        This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

        This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against WILLIAMS. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against WILLIAMS.

        No provision of this agreement shall preclude WILLIAMS from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that WILLIAMS received constitutionally ineffective assistance of counsel.

<u>No Other Promises</u>

This agreement constitutes the plea agreement between WILLIAMS and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

RACHAEL A. HONIG
First Assistant United States Attorney
Attorney for the United States
Acting Under Authority Conferred by
28 U.S.C. § 515

By: _____
    SEAN M. SHERMAN
    Assistant U.S. Attorney

APPROVED:

*Bernard J. Cooney*
BERNARD J. COONEY
Acting Chief, Opioid Abuse Prevention
 & Enforcement Unit

I have received this letter from my attorney, Wanda M. Akin, Esq. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, restitution, forfeiture and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:


_____        Date: 10-1-2020
Richard L. Williams


I have read and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, restitution, forfeiture and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.


_____        Date: 10-2-20
Wanda M. Akin, Esq.

**Plea Agreement with Richard L. Williams ("WILLIAMS")**

**Schedule A**

1. This Office and WILLIAMS agree to stipulate to the following facts:

    a. From in or about May 2020, through in or about August 2020, WILLIAMS conspired with others to, with the intent to extort money from a bank located in California (the "Victim Bank"), send communications in interstate commerce containing threats to damage the property or reputation of the Victim Bank.

    b. The amount demanded in connection with the extortion conspiracy was $7,500,000.

2. If the sentencing court accepts the factual stipulations set forth above, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so. Otherwise, both parties reserve the right to file, oppose, or take any position in any appeal, collateral attack, or proceeding involving post-sentencing motions or writs.